UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEROY WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> CLAIRE GILCHRIST, <br><br> Defendant. | Case No. C10-7-JCC-JPD <br><br> REPORT AND RECOMMENDATION |

*Pro se* plaintiff, who is currently incarcerated at the Washington Corrections Center in Shelton, Washington, has submitted a proposed complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (Dkts. 1, 4.) His complaint names Claire Gilchrist, identified as "Witness," as the sole defendant. Plaintiff asserts that he does not know and has never seen defendant. Plaintiff states, "I would like to [k]no[w] if [defendant] seen and heard when the police brought my son home on 6-14-07." (Dkt. 1-2, at 3.) Although plaintiff does not state that defendant testified at trial—and does not know the content of what, if anything, defendant said to anyone—he seeks prosecution of defendant for perjury and aiding in the kidnapping of his children by the Seattle Police Department. (Dkt. 1-2, at 4.) He also seeks compensation for loss of work and contracts. (*Id.*) The Court has reviewed plaintiff's proposed complaint as required by 28 U.S.C. § 1915A(a) and finds that the complaint fails to state a claim

REPORT AND
RECOMMENDATION - 1

upon which relief may be granted and appears to be seeking monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

To sustain a cause of action under 42 U.S.C.§ 1983, plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by a federal statute, and (b) that the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. I.B.M.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint does not identify a constitutional or statutory right that he alleges to have been violated. In addition, it appears that the sole defendant he names is a private citizen who, at most, testified against plaintiff in a court proceeding. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). In addition, individuals who serve as witnesses are absolutely immune from suit for damages with respect to their testimony. *Paine v. City of Lompoc*, 265 F.2d 975, 980 (9th Cir. 2001). Plaintiff has thus failed to state a claim on which relief may be granted, and appears to be seeking monetary relief from a defendant who is immune from such relief.

Where a pro se litigant's complaint fails to state a claim on which relief may be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Here, the Court does not see how plaintiff could amend his complaint to cure the above defects. Even if plaintiff could identify a constitutional or statutory right that he alleges to have been violated, he is asserting claims against a defendant who is not a state actor and who may have absolute

immunity from this suit with respect to defendant's testimony. Plaintiff would have to allege a completely new cause of action, against a different defendant, in order to cure the deficiencies inherent in his complaint. This is more than the rule of liberally granting leave to amend would seem to require. Accordingly, the Court concludes that it is not required to grant plaintiff leave to amend. If, however, plaintiff believes he can cure the deficiencies in his complaint, he should file an amended complaint with his objections to this Report and Recommendation, if any.[1]

For the foregoing reasons, the Court recommends that this action be DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief, and that plaintiff's application to proceed in forma pauperis be DENIED as moot. The Court further recommends that this dismissal constitute a strike for purposes of 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

DATED this 12th day of February, 2010.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] The absence of facts in plaintiff's statement of his claim makes it difficult to discern why plaintiff believes he is entitled to compensation for loss of work and contracts. (Dkt. 1-2, at 4.) However, it appears possible that plaintiff intends, by way of this action, to challenge in some fashion the lawfulness of his current confinement. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. Thus, to the extent plaintiff may be seeking to challenge the fact of his current confinement by way of this §1983 action, it appears likely such claims will be barred by *Heck*. Plaintiff is also advised that the Court has no authority to initiate criminal proceedings against defendant.

REPORT AND
RECOMMENDATION - 3