THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEROY WILLIAMS, | Case No. C10-0007-JCC |
| Plaintiff, | ORDER |
| v. | |
| CLAIRE GILCHRIST, | |
| Defendant. | |

This matter comes before the Court on the Report and Recommendation of Magistrate Judge James P. Donohue (Dkt. No. 6). The Court has reviewed Plaintiff's original proposed complaint (Dkt. No. 1-2), and Plaintiff's second proposed complaint (Dkt. No. 7), which Plaintiff filed without leave to do so. Plaintiff has not filed any timely objections to the Report and Recommendation.

Magistrate Judge Donohue correctly denied Plaintiff leave to amend his complaint, because it was absolutely clear at the time that no amendment could cure the defects in Plaintiff's proposed pleading. (Dkt. No. 6 at 2–3 (citing *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).) Plaintiff failed to object to the Report and Recommendation, and ignored Judge Donohue's directive. Even though the Court need not consider Plaintiff's amended complaint at all, because it was improperly filed without leave, the Court nonetheless observes that Plaintiff has simply proven Judge Donohue right.

ORDER
PAGE - 1

In his new complaint, Plaintiff again names as the only defendant Claire Gilchrist, whom he again acknowledges he does not know. Instead of alleging that she is a "witness," as he did in his first complaint—which would render her absolutely immune from suit for damages for testimony given at trial, under the Ninth Circuit's interpretation of *Briscoe v. Lahue,* 460 U.S. 325, 345–46 (1983)—he attempts to dodge this particular bullet by deleting references to her as a witness, stating that he does not know what her official position is, and vaguely claiming that she "assist[ed] the police of Seattle . . ." (Dkt. No. 7 at 2.) This is still insufficient to state a claim under § 1983. As Judge Donohue correctly observed, private parties generally do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). There are no facts anywhere in the Complaint that allege that Ms. Gilchrist did anything that any private citizen would not have done. *See id.* Plaintiff has not explained what Ms. Gilchrist did, did, the nature of her participation in whatever happened to him (which is unclear from the face of his complaint), or how she proximately caused him harm. A complaint that offers merely "labels and conclusions" or "naked assertions" without factual enhancement is not sufficient to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).

Nor has Plaintiff properly identified any federally granted right that has been violated. While he vaguely alleges that Ms. Gilchrist committed perjury and requests prosecution under three sections of Title 18 of the United States Code, the Court does not have the authority to initiate criminal prosecutions. Plaintiff also variously alludes to the Seventh Amendment and the Eighth Amendment, as well as "Article III Section II" of the Constitution. (Dkt. No. 7 at 3, 4). But, again, Plaintiff does not describe how his rights under any of these provisions has been violated, nor does he allege how Ms. Gilchrist particularly is complicit in, or responsible for, any particular harm under any of these constitutional provisions.

Plaintiff acknowledges that he has brought thirty-seven lawsuits in federal court while a prisoner. (Dkt. No. 7 at 7.) In fact, he requests, by reference to the case number, the same relief

ORDER
PAGE - 2

1  that he sought in another case before this court. (*Id.* at 4.) The Court cautions Plaintiff that if he
2  files numerous frivolous complaints, the Court may bar him from proceeding in this court as a
3  vexatious litigant. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990)
4  (discussing vexatious litigant bar order requirements).
5      The Court finds Plaintiff's Amended Complaint (Dkt. No. 7) to be just as deficient as
6  his original complaint, in addition to having been improperly filed. The Court thus does hereby
7  ORDER:
8      (1) The Court adopts the Report and Recommendation (Dkt. No. 6);
9      (2) Plaintiff's proposed complaint is DISMISSED with prejudice under 28 U.S.C.
10        §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted;
11     (3) Plaintiff's application to proceed in forma pauperis (Dkt. 1, 4) is DENIED as
12        moot; and
13     (4) This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g).
14     The Clerk of Court is directed to close the case and send copies of this Order to
15 plaintiff and to Judge Donohue.
16     DATED this 29th day of March, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE